### The UNITED STATES

#### v.

**Horace JOHNSON, James Raymond Hogan, Willie Everett Hester, Jr., and McCagger Bagwell.**

#### No. 25019.

United States District Court
N. D. Georgia.

May 16, 1967.

Charles L. Goodson, U. S. Atty., Atlanta, Ga., *for plaintiff.*

Robert B. Thompson, Gainesville, Ga., for defendants Johnson, Hogan & Hester.

Edward T. M. Garland, Atlanta, Ga., for defendant Bagwell.

SIDNEY O. SMITH, Jr., District Judge.

In this case the defendants were indicted for conspiracy to violate the civil rights of certain named negro citizens under 18 U.S.C.A. § 241.[1] The particular right and privilege allegedly violated was "the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of a restaurant, the 53 Truck Stop, Braselton, Jackson County, Georgia, a place of public accommodation as defined in Section 2000a, Title 42, United States Code, without discrimination or segregation on the ground of race, color, religion, or national origin." No other right is in-

---

1. "If two or more persons conspire to injure, oppress, threaten, or intimidate any citizen in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same; or

If two or more persons go in disguise on the highway, or on the premises of another, with intent to prevent or hinder his free exercise or enjoyment of any right or privilege so secured—They shall be fined not more than $5,000 or imprisoned not more than ten years, or both."

volved than those imposed by the public accommodations section of the Civil Rights Act of 1964.

Defendants have filed a motion to dismiss on the grounds that (1) the indictment fails to state an offense and, correspondingly, (2) that the exclusive remedy prescribed by the Civil Rights Act under 42 U.S.C.A. 2000a–6(b) prohibits the prosecution.

As the violation of no other "civil right" than the public accommodations provisions of 42 U.S.C.A. § 2000a is alleged, the question is squarely presented as to whether the limitations of 42 U.S.C.A. § 2000a–6(b) foreclose the prosecutions under the general terms of 18 U.S.C.A. § 241. In a multi-violation indictment, determination of the issue was avoided in United States v. Guest, et al., 383 U.S. 745, 86 S.Ct. 1170, 16 L.Ed.2d 239, even though the District Court had inferred that such prosecutions were prohibited. United States v. Guest, 246 F.Supp. 475, 484.

The limitations of the Civil Rights Act of 1964 provides:

> "The remedies provided in this subchapter shall be the exclusive means of enforcing the rights based on this subchapter, but nothing in this subchapter shall preclude any individual or any State or local agency from asserting any right based on any other Federal or State law not inconsistent with this subchapter, including any statute or ordinance requiring nondiscrimination in public establishments or accommodations, or from pursuing any remedy, civil or criminal, which may be available for the vindication or enforcement of such right." 42 U.S.C.A. 2000a–6(b); § 207(b) of original Act.

While the conduct described by counsel is certainly of the type that ought to call for criminal penalties, it is concluded that the present law does not so provide and the motion to dismiss is good. Absent a contrary showing of congressional intent, the clear language of the above section is controlling.

The government argues that the prohibition applies only to the owners, operators, and employee-agents of such establishments as constitute a place of public accommodation under the act and a "direct" deprivation of the right at the lunch counter, registration desk, etc. Such reasoning, however, would permit the unjust result of insulating a shopkeeper from prosecution while subjecting his "co-conspirators" or "aiders and abetters" to criminal penalties. Thus, a wily owner could instigate a violation of this right, engage a group of hoodlums to carry it out, and yet be an exception to any penalty for his own wrongdoing.

■ There is no question that 18 U.S.C.A. § 241 has been given a broad liberal construction in its almost 100 years of application. And, clearly, it protects all Federal rights, whether flowing from the Constitution or created by Act of Congress. United States v. Mosley, 238 U.S. 383, 387, 35 S.Ct. 904, 59 L.Ed. 1355 (1945); United States v. Price, 383 U.S. 787, 86 S.Ct. 1152, 16 L.Ed.2d 267 (1966). However, here, we are concerned with the granting of a new federal right with a concurrent restriction as to prosecution. In the absence of § 207(b); or in the presence of a state statute or other federal statute establishing such right, there would be no hesitancy in holding that a prosecution in the proper forum could proceed. Thus, the public accommodation rights granted by Congress in the Act, are such as are covered by 18 U.S.C.A. § 241, unless the Congress clearly intended that such rights be excluded. As stated, the language of § 207(b) itself does so exclude whether the action is "direct" or "indirect".

A close examination of the legislative history of the bill, conducted with the assistance of counsel here, strengthens this conclusion. Thus, the prior quoted remarks of then Senator Humphrey:

> "The clause which reads that 'the remedies provided in this title shall be the exclusive means of enforcing the rights hereby created' is designed to

make clear that a violation of sections 201 and 202 cannot result in criminal prosecution of the violator or in a judgment of money damages against him. This language is necessary because otherwise it could be contended that a violation of these provisions would result in criminal liability under 18 U.S.C. 241 or 242, or in civil liability for damages under 42 U.S.C. 1983 or 1985. Thus, the first clause in section [207(b)] simply expresses the intention of Congress that the rights created by title II may be enforced only as provided in title II. * * * It does not limit enforcement of rights granted or created by other valid laws, whether State or Federal, even if they cover the same facility." (110 Congressional Record, page 9767, May 1, 1964)

and Senator Young:

"The prohibitions of title II would be enforced only by civil suits for an injunction. Neither criminal penalties nor the recovery of money damages would be involved." (110 Congressional Record, page 7384, April 9, 1964)

and Senator Magnuson:

"Moreover, in every case, a judicial determination of coverage must be made prior to the entry of any order requiring the owner to stop discrimination. Thus, no one would become subject to any contempt sanctions— the only sanctions provided for in the act, until after it has been judicially determined that his establishment is subject to the act and he has been ordered by the Court to end this discrimination, and he has violated that Court order." (110 Congressional Record, page 7405, April 9, 1964)

■ Moreover, an express amendment to substitute direct criminal proceedings for the injunctive and contempt sanctions was soundly defeated. See Congressional Record, page 13647, June 12th, 1964. Nothing is found to indicate an intent contrary to that expressed in the act itself. It is concluded that under

Title II of the Civil Rights Act, "[r]emedies are limited to civil actions for preventive relief". Heart of Atlanta Motel Inc. v. United States, 379 U.S. 241 at 248, 85 S.Ct. 348 at 353. Accordingly, this criminal prosecution is barred and the motion to dismiss is, therefore, granted.

It is so ordered.